UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN WALTERS,

    Plaintiff,

v.     CASE NO. 3:22-cv-320-MMH-JBT

STATE OF CALIFORNIA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED**.

In its prior Order dated April 25, 2022, the Court deferred ruling on the Motion and explained to Plaintiff a number of deficiencies in his Complaint, including the following. (*See generally* Doc. 7.) First, the Court stated the standard by which the Complaint was to be construed and explained in detail why Plaintiff's claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) were insufficient. (Doc. 7 at 2–6.) Second, the Court noted that Eleventh Amendment immunity and sovereign immunity applied to Plaintiff's claims against many of the state and federal government actors. (*See id.* at 4–5.) Third, the Court stated that to the extent

Plaintiff was seeking relief from any state court judgment, his claims were likely barred by the *Rooker-Feldman* doctrine.[1]  (Doc. 7 at 6.)  Fourth, the Court noted that a complaint should contain a "short and plain statement of the claim." (*See id.* at 3); Fed. R. Civ. P. 8(a).

In light of the multiple deficiencies in the Complaint, the Court deferred ruling on the Motion and stated in part:

> Because Mr. Walters is proceeding without a lawyer and has sued the wrong defendants, the Court will permit him to file an amended complaint. He must file the amended complaint by **May 24, 2022**. The amended complaint must comply with all rules. The amended complaint must contain a short and plain statement of the claim showing he is entitled to relief, including factual allegations—not legal conclusions—that state a plausible federal claim. The amended complaint must specify the constitutional right or rights allegedly infringed and the specific parties against whom relief is sought. Each claim (i.e., violation) must be in a separate count. If Mr. Walters is naming a specific defendant, he must include allegations about that defendant's particular conduct.

(*Id.* at 7.)

On April 29, 2022, four days after the Court's prior Order was entered, Plaintiff filed his Amended Complaint (Doc. 8) ("AC"), which is 115 pages long, not

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  A review of the Duval County Circuit Court docket reveals that Plaintiff has a case in state court that appears to overlap with the case at bar. *See Bryan James Walters v. State of Fla., et al.*, No. 16-2020-CA-3058-XXXX-MA (Fla. Duval Cty. Cir. Ct. May 21, 2020).  Several defendants, including the City of Jacksonville and the Jacksonville Sheriff's Office, were recently dismissed with prejudice from that case by order of the court.  *See id.* at Doc. 207.

including exhibits, names over 100 defendants, concerns multiple seemingly unrelated incidents over a ten-year period, and generally fails to cure the deficiencies in the initial Complaint.  (*See* Docs. 1 & 8.)  Like the Complaint, the AC asserts various incoherent constitutional claims and torts, is generally disjointed, and is the hallmark of a "shotgun pleading."  Therefore, the undersigned recommends dismissal for substantially the same reasons stated in the prior Order.

First, the undersigned recommends that the AC should be dismissed because it is an impermissible shotgun pleading.  Even under the liberal construction accorded *pro se* pleadings, the AC is a quintessential shotgun pleading.  *See Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("[a] [pro se] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'. . . prohibited by Rule 8(a)(2).").[2]  As the Court stated in the prior Order, the AC does not "specify the constitutional right or rights allegedly infringed and the specific parties against whom relief is sought."  (Doc. 7 at 7.)  Plaintiff seeks to sue more than 100 defendants and fails to separate his various claims into

---

[2] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).  The undersigned finds the unpublished decision cited herein to be persuasive.

separate counts as previously ordered. (*See generally* Doc. 8; Doc. 7 at 7.) It is difficult, if not impossible, to discern which claim(s) are applicable to which defendant(s). Although pleadings by *pro se* litigants are to be construed liberally, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), "[i]t is not the proper function of courts in this Circuit to parse out [] incomprehensible allegations." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (addressing a court's duty in dealing with shotgun pleadings); *see also Lampkin-Asam*, 261 F. App'x at 277 (applying the shotgun pleading standard to a *pro se* litigant).

Second, the AC fails to cure the other deficiencies noted in the prior Order. The AC's allegations appear to be similar, if not identical, to those in the initial Complaint. Plaintiff attempts to allege a number of constitutional claims and torts and "generally alleges Florida and California law enforcement officers and private security guards arrested and detained him without probable cause on multiple occasions, falsified arrest reports, and used excessive force." (Doc. 7 at 1; *see also* Doc. 8.) The most notable difference, however, is that Plaintiff expands on, in unnecessary detail, an elaborate implausible conspiracy involving multiple government and private actors over an approximate ten-year period. (*See generally* Doc. 8.) For example, Plaintiff alleges:

> Bryan lived without reason for officers to apprehend him or believe he is a threat to the public. The record of interactions are patterns of criminal efforts by

> government authorities to execute him. The plan to murder Mr. Walters was formed by officer gang whos' [sic] excuse to operate as criminals under government authority was "I am just doing my job."

(*Id.* at 11.)

In short, the AC is "confusing, incoherent, and clogged with seemingly irrelevant factual allegations." *Lampkin-Asam*, 261 F. App'x at 277. In addition, the AC appears implausible on its face and the additional allegations in the AC serve more to confuse than to clarify the claims that Plaintiff is attempting to bring.[3]

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

## Notice to Plaintiff

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may

---

[3] The undersigned also notes that Plaintiff has been advised several times via written order and verbally via telephone that he "may not communicate directly with a judge or a judge's chambers by telephone, email, letter, or otherwise." (*See, e.g.,* Docs. 3, 5, & 7.) He was also advised via the Court's Order that he "may not serve the defendants with any pleading or other process related to this action." (Doc. 5 at 1.) Plaintiff was previously cautioned that any further such conduct may result in dismissal of the action. (*See* Doc. 7 at 8.) He has continued to do both. (*See* attachment.)

respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on May 18, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies (with attachment) to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiff by U.S. mail and e-mail:
Bryan Walters
9411 Osprey Branch Trl., Suite 7
Jacksonville, FL 32257
bjwalte3@asu.edu
bryan.walters001@mymdc.net
bryanwalters346@yahoo.com

Attachment: Plaintiff's e-mail to Chambers dated May 13, 2022